**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| DAVID BASS, ET AL., individually and as plaintiff class representatives | * * * * |
| Plaintiffs | * * |
| V. | NO: 4:13CV00365 SWW * * |
| MICHAEL ELLIS ALEXANDER, ET AL. | * |
| Defendants | |

**ORDER**

Plaintiffs commenced this putative class action in state court pursuant to the Arkansas Declaratory Judgment Act, Ark. Code Ann. § 16-111-103(a), and Defendants removed the case to federal court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711-15.  Now before the Court is Plaintiffs' motion for remand (ECF Nos. 13, 14), Defendants' response in opposition (ECF No. 23), Plaintiffs' reply (ECF No. 24), and Defendants' sur-reply (ECF No. 25).  After careful consideration, and for reasons that follow, the Court finds that it lacks subject matter jurisdiction over this action and that Plaintiffs' motion for remand must be granted.  The Court therefore remands the case back to the state court from which it was removed.

**I.**

On May 22, 2013, Plaintiffs commenced this putative class action in state court with a class action petition for declaratory and other relief, naming Arkansas surplus lines brokers as Defendants.  Plaintiffs allege that all parties joined in this action are citizens and residents of

Arkansas.

According to the petition allegations, Plaintiffs contracted with Defendants "to place surplus lines insurance," and Defendants "actually placed contracts of insurance on [Plaintiff's behalf] with persons who were not insurers approved by the Insurance Commissioner." Compl., ¶2. Arkansas law provides that when insurance coverage cannot be purchased from licensed Arkansas insurers, surplus lines insurance may be purchased from out-of-state insurers, provided that the transaction proceeds through a licensed, Arkansas surplus lines broker. *See* Ark. Code Ann. § 23-65-305. Arkansas's statutory scheme governing surplus lines insurance requires that surplus lines brokers place insurance with surplus lines insurers that have been approved by the Insurance Commissioner. *See* Ark. Code Ann. § 23-65-310(a). State law also provides that "[a] contract of insurance carried out by an unauthorized insurer . . . shall be voidable at the instance of the insured." Ark. Code Ann. § 23-65-303(b).

By way of relief, Plaintiffs seek a judicial declaration that "they have a right to treat as voidable, contracts for placement of and contracts of surplus lines insurance placed by their respective Defendant brokers . . . with persons (1) who were not surplus lines insurers, approved by their Arkansas Insurance Commissioner, or (2) were not qualified for listing as an approved surplus lines insurer by the Arkansas Insurance Commissioner." Compl., ¶ 42(a). Plaintiffs also seek "all monies received by Defendants from Plaintiffs for the contracts in question." Compl., ¶ 42(b).

On June 20, 2013, while the case was still pending in state court, Certain Underwriters at

Lloyd's of London ("Certain Underwriters") filed a motion to intervene.[1] Certain Underwriters allege that they subscribed to multiple insurance policies issued to Plaintiffs and that they are the insurers and parties to the insurance contracts that Plaintiffs seek to have declared voidable. Certain Underwriters also allege that they are "residents of multiple jurisdictions outside of Arkansas, including the United Kingdom." ECF No. 7, at 2.

Also on June 20, 2013, Defendants filed a joint answer, Separate Defendant Michael Leon Johnson filed a counterclaim against Separate Plaintiff Shirley Williams, and Defendants removed the case pursuant to CAFA. After removal, Plaintiffs filed a motion to dismiss Johnson's counterclaim for lack of subject matter jurisdiction and a motion for remand, and Defendants filed a motion to dismiss.

## II.

A court may not proceed at all in a case unless it has jurisdiction. *See Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). Accordingly, the Court must first decide Plaintiffs' motion for remand.

Under CAFA, the United States District Courts have original jurisdiction over any class action in which: (1) the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs; (2) minimal diversity of citizenship exists among the parties, meaning that any class member and any defendant are citizens of different states; and (3) the number of members of the putative class is not less than 100. *See* 28 U.S.C. § 1332(d). In addition to expanding federal jurisdiction, CAFA eliminates certain requirements that normally

---

[1] Lloyd's of London is an insurance market through which Lloyd's syndicates, made up of one or more investor members, sometimes referred to as "underwriters," join together to underwrite insurance risks.

apply when a case removed from state court. For example, CAFA allows for removal of actions without regard to whether any defendant is a citizen of a state in which the action is brought. *See* 28 U.S.C. § 1453(b).

A defendant seeking removal under CAFA must prove each of the jurisdictional elements by a preponderance of the evidence. *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir.2009). In support of removal, Defendants assert that the putative plaintiff class includes more than one thousand Arkansas citizens and that Plaintiffs' claims for monetary relief, if granted, would exceed $5,000,000. Regarding the minimal diversity requirement, Defendants assert that "[Certain] Underwriters are residents of multiple jurisdictions excluding Arkansas." ECF No. 1, ¶ 23. Although Certain Underwriters are not named as defendants and have not been joined as parties in this case, Defendants contend that "[Certain] Underwriters' joinder creates federal jurisdiction." *Id*.

In support of remand, Plaintiffs argue that minimal diversity of citizenship among the parties was lacking at the time of removal and that Certain Underwriters' motion to intervene provided no basis for removal to federal court.[2] Defendants respond that Rule 19 of the Federal Rules of Civil Procedure "mandates" joinder of Certain Underwriters and requires that the Court consider the citizenship of the proposed intervenors in determining whether the minimal diversity requirement is satisfied. *See* ECF No. 1, ¶ 22. The Court disagrees.

---

[2]Plaintiffs also argue that the label "Certain Underwriters" is tantamount to a John Doe designation that does not represent the named of a particular entity, making it impossible to determine the citizenship of the proposed intervenors. For reasons explained in this order, the Court finds that removal cannot be based on the citizenship of an entity that is not named or joined as a party. Accordingly, the Court will not address arguments regarding the citizenship of Certain Underwriters entities.

Rule 19 addresses party joinder, not federal subject matter jurisdiction. *See Lincoln Property*, 546 U.S. at 90, 126 S. Ct. at 613(noting that neither Rule 17(a) nor Rule 19 requires that plaintiffs or defendants name and join any additional parties and that both rules address party joinder, not federal-court subject-matter jurisdiction). A plaintiff is the master of the complaint, and a defendant cannot employ Rule 19 as a basis for removal or to compel a plaintiff to assert a claim against an unnamed defendant. "The most that the defendant can do is argue that complete relief cannot be afforded without joinder of the second defendant. If the court agrees, the plaintiff is given the choice of amending its complaint to name the 'indispensable' second defendant or suffer dismissal of the complaint." *Stanley v. Darlington County School Dist*. 84 F.3d 707, 714 (4th Cir. 1996)(citations omitted).

Defendants further argue: "Just as this Court must ignore [the] citizenship of parties fraudulently joined to destroy diversity jurisdiction, this Court can and should take into account the citizenship of necessary but deliberately omitted defendants when, as here, the non-joinder is fraudulent and designed solely to defeat diversity jurisdiction." ECF No. 23, at 3-4. Again, the Court disagrees.

Even assuming that Certain Underwriters qualify as necessary and indispensable parties needed for just adjudication, the Court finds no controlling or persuasive authority for extending the fraudulent joinder doctrine to claims of "fraudulent non-joinder." The fraudulent joinder doctrine is a narrow exception to the complete diversity rule, and it allows a court to retain jurisdiction where a nondiverse defendant has been fraudulently joined solely to prevent removal. *See In re Prempro Products Liability Litigation,* 591 F.3d 613, 620 (8th Circ. 2010)(citing *Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 809 (8th Cir.2003)). Fraudulent joinder

5

analysis focuses on the reasonable probability of recovery against a *named* defendant at the time of removal; it simply does not permit a court to permit removal based on the prospective joinder of an unnamed party. "It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." *Schubert v. Auto Owners Ins. Co.* 649 F.3d 817, 822 (8th Cir. 2011)(citations omitted). Here, Certain Underwriters were neither named nor joined as defendants at the time of removal, and Defendants have failed to establish that minimal diversity of citizenship exists in this case.

### III.

For the reasons stated, Plaintiff's motion for remand (ECF No. 13) is GRANTED, and this case is remanded to the Circuit Court of Saline County, Arkansas, Civil Division, pursuant to 28 U.S.C. § 1447(c). It is further ordered that Plaintiffs' motion for leave to file a response in opposition to Defendants' sur-reply (ECF No. 29) is DENIED AS MOOT.

IT IS SO ORDERED THIS 7TH DAY OF OCTOBER, 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE